IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVIN MILLER and** | : | No. 3:08cv665 |
| **LINDA MILLER, his wife,** | : | |
| **Plaintiffs** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **CABOT OIL & GAS CORPORATION,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# **MEMORANDUM**

Before the court for disposition is a motion to remand (Doc. 7) the instant case to the Court of Common Pleas of Susquehanna County, Pennsylvania filed by Plaintiffs Alvin Miller and Linda Miller (hereinafter "plaintiffs"). Defendant Cabot Oil & Gas Corporation (hereinafter "defendant") opposes the motion. Having been fully briefed, the matter is ripe for disposition.

**Background**

Plaintiffs own 55.7 acres of land in Brooklyn Township, Susquehanna County, Pennsylvania. (See Doc. 1-2, Complaint ¶ 4, Exh. A to Defendant's Notice of Removal (hereinafter "Compl.")). On or about March 22, 2007, the plaintiffs entered into an oil and gas lease with the defendant. (Id. at ¶ 5). The lease allows the defendant to explore the plaintiffs' real estate by

geophysical and other methods to search for oil, liquid hydrocarbons and all gases. (Doc. 1-2, Oil and Gas lease ¶ 1).  It further provides for withdrawing the materials, laying pipelines, storing oil, building roads, power stations, telephone lines, etc.   (Id.)

In consideration for the lease, defendant evidently paid the plaintiffs a certain monetary sum per acre of land, plus a royalty on the gas or oil retrieved from the property.  Defendant authorized its agents to offer $50.00 per acre, or $2785.00,  for the lease.  (Compl. at ¶ ¶ 6, 7).  Prior to signing the lease, defendant's agents also told plaintiffs that defendant would never pay more than $50.00 per acre for the lease.  (Id. at ¶ 8).  Despite this assurance, defendants subsequently paid plaintiffs' neighbors more than $50.00 per acre for leases on their property.  (Id. at ¶ 9).

Plaintiffs initiated the instant case on March 26, 2008 by filing a two-count lawsuit in the Court of Common Pleas of Susquehanna County, Pennsylvania.  Count I alleges fraudulent inducement.  Plaintiffs contend that defendant's agents assured them that the company would never pay more than $50.00 per acre.  Defendant also represented to plaintiffs that if they failed to sign a lease defendant would negotiate leases with plaintiffs' neighbors and capture the gas under plaintiffs' land through the "rule of

2

capture," leaving plaintiffs without a lease or gas on their land.  (Id. at ¶ 19). Defendant also assured the plaintiffs that the leased conformed to Pennsylvania law.  (Id. at ¶¶ 10-11). According to the Count I,  these statements all were false and all induced plaintiffs to sign the lease.  (Id. at 15, 17).

Count II is an action for declaratory relief.  It alleges that the lease plaintiffs signed violates state law with regard to the royalty payment.  It requires that plaintiffs pay a portion of the production costs of any natural gas on their land before receiving the proceeds from any royalties from that gas, which plaintiffs assert violates Pennsylvania law.  (Id. at 21-26).  As relief, plaintiffs request that the court declare the lease signed by the parties invalid.  (Id. *ad damnum* clause, foll. ¶ 26).

On April 9, 2008, defendant filed a notice of removal, removing the case to this court.  Less than a week later, defendant filed a motion to dismiss (Doc. 3).  Before that motion became ripe for disposition, plaintiffs filed the instant motion to remand.  The parties then filed briefs, bringing the case to its present posture.

**Legal Standard**

Defendant removed this case pursuant to 28 U.S.C. § 1441(a), which

3

gives a defendant the right to remove "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" 28 U.S.C. § 1441(a).  Thus, "[t]he propriety of removal . . . depends on whether the case originally could have been filed in federal court."  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997).   The notice of removal asserts that this court has jurisdiction under the diversity statute.  28 U.S.C. § 1332.  Hence, we must determine whether the prerequisites for diversity jurisdiction are met.  As a general matter, "the party asserting diversity jurisdiction bears the burden of proof."  McCann v. George Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).  Here, therefore, the defendant, who seeks to exercise the court's jurisdiction through the removal statute, bears the burden of proof.

**Discussion**

Diversity jurisdiction is appropriate where the parties are citizens of different states and the amount in controversy is in excess of $75,000.00.  28 U.S.C. § 1332(a).  Instantly, no dispute exists regarding whether the parties are citizens of different states.[1]  Rather, plaintiffs argue that we should

---

[1] Plaintiffs are residents of Pennsylvania and Defendant is a Delaware Corporation with its principal place of business in Houston, Texas.  (Notice of Removal at ¶¶ 4-5).

remand the case to state court because the amount in controversy does not meet the minimum requirement of $75,0000.

Plaintiffs argue that they do not seek a precise dollar amount, but rather a declaratory judgment from the court that invalidates the gas and oil lease that they entered into with the defendant.  They contend that the only amount in controversy is therefore the $2785.00 they received under that contract.  Plaintiffs are incorrect to assert that the amount in controversy is limited to the monetary sum they claim.  The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); see also Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 542-43 (3d Cir. 1995) (finding diversity jurisdiction because the cost for defendant of meeting plaintiff's injunctive request would exceed the then-$50,000 jurisdictional minimum).  Here, the object of the litigation is the lease over plaintiffs' land, and we must determine the value of that lease.

The amount in controversy in a case is generally determined from the complaint itself.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993);

5

Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (explaining that "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."). When a complaint does not limit its request to a precise monetary amount, we may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied. Id. at 146.

In making this appraisal we may examine the removal notice. The removal notice "serves the same function as the complaint would if filed in the district court" when a court determines whether the jurisdictional amount has been met. Id. Because "the plaintiff is the 'master of the case' and 'may limit his claims . . . to keep the amount in controversy below the threshold,' the removing party must 'show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.'" Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)).

With its notice of removal, defendant provides evidence that indicates that the amount in controversy, that is the value of the lease, exceeds $75,000. Included in the defendant's notice is an affidavit from Jeffrey L. Keim, Regional Land Management for Cabot Oil & Gas Corporation. (See

6

Doc. 1-2, pg. 17-18, Affidavit of Jeffrey L. Keim (hereinafter "Keim Affidavit") at ¶ 1). Keim attests that, as Regional Land Manager, he is "knowledgeable as to leasing of oil and gas properties and production of oil and gas wells." (Id. at ¶ 5). Based on this knowledge, Keim contends that "the full value of the object of the litigation exceeds $75,000 exclusive of interests and costs." (Id. at ¶ 6). Defendant has therefore provided evidence that the amount in controversy exceeds $75,000.

**Conclusion**

Defendant has presented uncontested evidence that the amount in controversy exceeds the statutory jurisdictional minimum. It is undisputed that the parties are citizens of different states. Thus, we have jurisdiction over this case pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a). We will deny the motion to remand. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVIN MILLER** and | : | No. 3:08cv665 |
| **LINDA MILLER, his wife,** | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **CABOT OIL & GAS CORPORATION,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**AND NOW**, to wit, this 5th day of June 2008, the plaintiffs' motion to remand (Doc. 7) is hereby **DENIED**.

                                           **BY THE COURT:**

                                           **s/ James Munley**
                                           **JUDGE JAMES M. MUNLEY**
                                           **UNITED STATES DISTRICT COURT**